STATE OF OREGON, *Respondent*, v. JACK
IRVINE DOWNER (No. 977) (CA 4698),
*Appellant.*
541 P2d 1294

*Gary D. Babcock,* Public Defender, Salem, argued
the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With
him on the brief were Lee Johnson, Attorney General,
and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Defendant was convicted after bench trial of theft in the first degree. ORS 164.055.

The sole issue on appeal is whether the trial court erred in refusing to allow defendant to cross-examine the victim, who was the state's primary witness, as to how many times he had been convicted of a crime, and if so whether the same was reversible error.

On or about November 29, 1974, Ed Wehner's trailer, located in Wallowa, was burglarized while Wehner was away on vacation. When he returned on December 1 or 2, he discovered certain items of property missing and the trailer unlocked.

Defendant had been employed by and lived with Wehner but had terminated his employment on October 1, 1974, and left. Defendant had had a key to the trailer house but had not returned it.

An attempt was made to contact defendant's girlfriend, who resided in Reedsport. She was living in one of four apartments. Her apartment was searched, but there was no evidence of the stolen property. Wehner's property was discovered in a vacant apartment tied to sheets which hung out of the bedroom window between an apartment and an adjoining building.

On December 3 defendant was arrested in Reedsport while he was driving a vehicle. He was returned to the Wallowa County Jail where he later talked with Wehner who asked him about the stolen items. Defendant replied he did not know why he did it.

At the trial the following took place:

"Q [DEFENSE COUNSEL]: Mr. Wehner, have you ever been convicted of a crime?

"A [WEHNER]: Yes.

"Q How many times?

"[DISTRICT ATTORNEY]: Objection. The proper thing has just been asked and it's been answered and that is as far as he is allowed to go.

"[DEFENSE COUNSEL]: Your Honor, as far as what the crime was and the date is also proper to ask.

"[DISTRICT ATTORNEY]: No it isn't your Honor.

"THE COURT: I'm going to sustain the objection.

"BY [DEFENSE COUNSEL]:

"Q My question was: Have you ever been convicted of a crime. Have you ever been convicted of more than one?

"[DISTRICT ATTORNEY]: Objection. He's asked the question once and he received the answer. I have the case here, the citation. That's the question permitted and if the answer is affirmative, that's the end of it.

"THE COURT: The objection will be sustained.

"[DEFENSE COUNSEL]: I have no more questions."

The state concedes in its brief that the refusal of the court to permit defense counsel to cross-examine the state's primary witness as to how many times and of what crimes he had been convicted was error. We agree. *State v. Gardner,* 16 Or App 464, 518 P2d 1341, Sup Ct *review denied, cert denied* 419 US 998 (1974). However, the state argues that this was harm-

less error and urges that we so declare it. Oregon Constitution, Amended Art VII, § 3; ORS 138.230.

This we cannot do here. Wehner testified that defendant had a key to his trailer and that after his apprehension admitted to Wehner that he had been involved in the crime. The state's case was based in major part on Wehner's testimony.

Under all the facts involved we cannot agree with the state that limiting defense counsel's cross-examination in this manner was harmless error.

Reversed and remanded for a new trial.